IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY S. BERRINGER,

    Plaintiff,

  v.

SALINAS VALLEY STATE PRISON,
DEPARTMENT OF MENTAL HEALTH,

    Defendants.
_____/

No. C 06-00270 CW

ORDER OF DISMISSAL

Plaintiff Anthony S. Berringer is a state prisoner who is currently incarcerated at Salinas Valley State Prison (SVSP). Plaintiff's original complaint alleged that around 6:15 AM on March 7, 2005, two Medical Technical Assistants (MTAs) woke him up for chow, one of them opened the food port and "scalding hot water . . . accidentally spilled on [him]." Plaintiff alleged that he suffered second degree burns on his right foot and ankle.

The Court reviewed the complaint pursuant to 28 U.S.C. § 1915A and found, liberally construing the allegations, that Plaintiff was attempting to assert a claim of a violation of his Eighth Amendment right to be free from cruel and unusual punishment. The Court dismissed the complaint with leave to amend upon finding that Plaintiff's allegations were insufficient to support an Eighth

Amendment claim on the following grounds. First, the only Defendants Plaintiff named were "Salinas Valley State Prison" and the "Department Mental Health Kitchen Staff Workers." The Court explained that Plaintiff may not refer to the defendants as a group, but must identify each involved defendant by name and link each person to a specific claim by explaining what each defendant did or failed to do that caused a violation of Plaintiff's constitutional rights. The Court noted that Plaintiff attempted to write the names of the two MTAs who spilled the water on his foot; however, the names were indecipherable. Second, the Court explained that even if the names were decipherable, Plaintiff would not have stated a claim against them because he alleged that the water was spilled accidentally, and mere negligence does not give rise to a constitutional claim. Third, Plaintiff had not alleged in his complaint that he had exhausted the required administrative remedies for this claim. Instead, he stated that the SVSP staff "lost his appeals and tampered with his documents."

    The Court allowed Plaintiff to file an amended complaint to identify each involved defendant by name and describe what actions each defendant took that caused him harm, and how he was harmed by each individual defendant. In doing so, Plaintiff could not allege facts inconsistent with those alleged in his original complaint and he could not refer to the defendants as a group, i.e., "Salinas Valley State Prison" or the "Department Mental Health Kitchen Workers." Secondly, Plaintiff would have to provide evidence, in the form of a declaration or in the form of copies of returned administrative grievances, establishing that he should be excused

2

from the exhaustion requirement because prison officials refused to process his appeals.

On March 15, 2007, Plaintiff filed his amended complaint. The Court has reviewed the amended complaint and finds that it does not cure the pleading deficiencies identified in the Court's order dismissing the complaint with leave to amend. In the caption of the complaint, Plaintiff lists Defendants as "Salinas Valley State Prison" and "Department of Mental Health" even though the Court explained that he must name the defendants as individuals, not as a group. In the complaint, Plaintiff lists "SVSP Medical MTA Staff" as the defendant, instead of the individuals involved. Plaintiff's factual allegations merely repeat what he stated in his original complaint, that, on March 7, 2005, two MTAs woke him for chow and one of them opened the food port and poured scalding hot water on his left foot, causing second degree burns. In his claim for relief Plaintiff states he would like M. Chaverine to be terminated from her job, but he does not identify who this individual is, what she did, nor why she should be terminated. Furthermore, in regard to exhaustion of remedies, Plaintiff merely states that he did not pursue higher levels of appeals for his administrative complaint because "it was cancelled." Plaintiff does not explain what he means by saying the complaint was "cancelled." He also states that he did not pursue his appeal past the informal level because "the disposition was either lost, cancelled, or denied." Neither of these statements relieves Plaintiff of the requirement of exhausting his administrative appeals before he files a complaint

in federal court.[1]

Therefore, the Court finds that Plaintiff's allegations in his amended complaint do not state a claim for which relief may be granted. The complaint is dismissed with prejudice and judgment shall enter accordingly. The clerk shall close the file.

IT IS SO ORDERED.

Dated: 1/8/08

CLAUDIA WILKEN
United States District Judge

---

[1] Plaintiff has filed a separate document unrelated to the instant action, which indicates he cannot read or write. If Plaintiff's claim appeared to have merit, the Court could seek counsel to represent him pro bono. That is not the case, however.

4

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ANTHONY S. BERRINGER,

    Plaintiff,

v.

SALINAS VALLEY STATE PRISON et al,

    Defendant.

Case Number: CV06-00270 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 8, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Scott Berringer
K-66652
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: January 8, 2008

    Richard W. Wieking, Clerk
    By: Sheilah Cahill, Deputy Clerk